UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CIV-61952-RAR

**IDIT KOHEN**,

    Plaintiff,

v.

**EQUIFAX INFORMATION SERVICES, LLC**, *et al.*,

    Defendants.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendant Ford Motor Credit Company's Motion to Dismiss Plaintiff's Amended Complaint ("Motion") [ECF No. 31], filed on January 21, 2022. Plaintiff Idit Kohen filed a response in opposition to the Motion ("Response") [ECF No. 33] on February 4, 2022, and Defendant filed a reply in support ("Reply") [ECF No. 34] on February 11, 2022. The Court has reviewed the Motion, the Response, the Reply, and the record and is otherwise fully advised. For the reasons set forth below, it is hereby

**ORDERED AND ADJUDGED** that the Motion [ECF No. 31] is **DENIED**.

## BACKGROUND

This is an action brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. The dispute arises from the manner in which Plaintiff's account with Defendant Ford Credit has been furnished and subsequently published by Defendant Equifax Information Services.[1] First Am. Compl. ("FAC") [ECF No. 30] ¶ 54. Based on information furnished by Ford Credit, Equifax has reported a "charge-off" on Plaintiff's account. *Id.* Plaintiff alleges that she has paid off and

---

[1] Plaintiff has reached a settlement with Equifax. [ECF No. 16]. Ford Credit is the lone Defendant remaining in this action.

closed her account with Ford Credit pursuant to a settlement agreement and that the payment status of "charged off" is therefore inaccurate and misleading. *Id.* ¶¶ 53–55. Plaintiff sets forth two causes of action: (1) willful violation of the FCRA as to Ford Credit; and (2) negligent violation of the FCRA as to Ford Credit. FAC ¶¶ 77–98.

Defendant filed a motion to dismiss Plaintiff's original Complaint on November 3, 2021 [ECF No. 15], which was fully briefed. The Court held a hearing on that motion on December 22, 2021 ("Hearing") [ECF No. 28]. In light of the oral arguments the parties presented at the Hearing, the Court granted Defendant's motion to dismiss with leave for Plaintiff to file an amended complaint. Plaintiff filed her FAC on January 11, 2022; shortly thereafter, Defendant filed the instant Motion once again seeking dismissal.

## **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all factual allegations contained in the complaint, and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the facts alleged. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Iqbal*, 556 U.S. at 678. "Dismissal pursuant to Rule 12(b)(6) is not appropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (cleaned up).

## **ANALYSIS**

Stated simply, Defendant's Motion fails to address Plaintiff's claims. The Motion appears to be a boilerplate template that attacks the pleading deficiencies commonly found in actions

dealing with charge-offs brought under the FCRA. Specifically, the entirety of the Motion targets Plaintiff's contention that Defendant "may no longer report the Account as charged off because Plaintiff paid and closed this account and such a report amounts to false information." Mot. at 2 (internal quotation marks omitted). Defendant argues that "a charge off does not extinguish the initial obligation to pay the full amount of the debt—and such an argument does not give rise to a claim under the FCRA." *Id.*

To Defendant's credit, this argument is correct on this one point. The law is well settled that a charge-off is the correct reporting when a creditor writes off a debt it is unlikely to collect and converts its accounting from a receivable to a loss. *See, e.g.*, *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1297 (11th Cir. 2016) ("Charging off a debt does not diminish the legal right of the original creditor to collect the full amount of the debt."); *Ostreicher v. Chase Bank USA, N.A.*, No. 19-8175, 2020 WL 6809059, at *4 (S.D.N.Y. Nov. 19, 2020) ("[A] creditor charging off or writing off a debt is simply an internal accounting action by which the creditor stops carrying the debt as a receivable because the chances of collecting it are so low."). And the effect of a charge-off on a person's credit is a legal question, not a factual one, so it cannot be alleged as the inaccuracy serving as the basis for an FCRA claim. *See, e.g.*, *Hunt v. JPMorgan Chase Bank, N.A.*, 770 F. App'x 452, 459 (11th Cir. 2019) ("Whether [Plaintiff] was obligated to make payments on the mortgage after the Foreclosure Action was filed is a currently unresolved legal, not a factual, question."); *Butnick v. Experian Info. Sols., Inc.*, No. 20-1631, 2021 WL 395808, at *4 (E.D.N.Y. Feb. 4, 2021) ("Plaintiff's contention that it was per se inaccurate for [Defendant] to report that he still owed a balance on an account that the bank had charged off . . . conflates two unrelated concepts: namely, Plaintiff's legal responsibility to pay his debt to [Defendant] and [Defendant's] internal estimate of his likelihood to do so.").

Plaintiff's Response is rife with its own shortcomings. First, Plaintiff maintains the argument that Defendant's reporting of a charge-off, in itself, is inaccurate and misleading under the FCRA. *See* Resp. at 5–11. If the substance of Plaintiff's claims comprised this single argument, Defendant would succeed on its Motion for reasons the Court just addressed. But Plaintiff's claims are more nuanced than that. Second, Plaintiff continues to attack Defendant's citations to the parties' settlement agreement as being outside the four corners of the FAC. Resp. at 16–18. But the Court already addressed this issue at the Hearing, holding that this document is central to Plaintiff's claims. Hr'g Tr. [ECF No. 32] at 20. Nothing more need be said than what is already on the record.

Where Plaintiff succeeds is in alleging that Defendant failed to achieve "maximum possible accuracy" in the report it furnished to credit reporting agencies. Resp. at 6 (quoting 15 U.S.C. § 1681e(b)). Specifically, Plaintiff alleges that—even if the charge-off reporting is appropriate—Defendant (1) reported only Plaintiff's most derogatory information and omitted payment information that is reported pursuant to standard practices within the industry, and (2) failed to report Plaintiff's information in a way that would be read accurately by the algorithms used to compute consumers' credit scores. Resp. at 8–9. At this stage of the proceedings, the Court must accept these factual allegations as true, and Defendant's Motion fails to address them. Therefore, Plaintiff has stated a plausible claim for relief, and the Court has no choice but to deny the Motion.

## **CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion [ECF No. 31] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 18th day of February, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**